UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00355-MOC-DSC

| | | |
|---|---|---|
| **CATAWBA RIVERKEEPER FOUNDATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DUKE ENERGY CAROLINAS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge recommended that defendant's Motion to Dismiss (#11) be granted with prejudice based on a conclusion that "the DENR action represents a substantial, considered and ongoing response to the violations noted in Plaintiff's 60-Day Notice letter, and that the DENR action constitutes diligent prosecution." In objecting to that recommendation, plaintiff has argued that it tailored its Complaint to address federal clean water standards, which are both different and stronger than the state groundwater regulation which the State of North Carolina seeks to enforce in the state action. Plaintiff has further argued that recent developments in the state-court litigation negate Judge Cayer's earlier conclusion that the state's enforcement action was a "substantial, considered and ongoing response" as to the violations of which plaintiff herein complains. The court conducted a hearing and allowed additional briefing, which is now complete.

Plaintiff argues that the only inquiry for this court is whether the state's enforcement action seeks to enforce the same level of protection afforded under the federal Clean Water Act, 33 U.S.C. § 1365(a). Further, plaintiff points out that the magistrate judge did not make such

1

inquiry, but instead relied on its conclusion that the state was diligently prosecuting its action. The court notes, however, that the magistrate judge did determine that the state action was both substantial and considered, a standard suggested under the plain language of the Clean Water Act.

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Under the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a), any citizen may commence a civil action against an alleged polluter, unless "the Administrator or State [1] has commenced and [2] is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order" that the citizen alleges to have been violated. Id. § 1365(b)(1)(B). While there is no doubt that the state timely commenced a substantial and considered action and has been diligent in prosecuting that action, as Judge Cayer found, the question that remains unanswered is whether that state-court action seeks compliance

with the standard the citizen plaintiff is herein pursuing. Subsection (b)'s reference to "the" clean-water standard makes it clear that it must be the same standard, limitation, or order that is the subject of the citizen suit under subsection (a)." California Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc., 728 F.3d 868, 874 (9th Cir. 2013) (emphasis added). "[C]itizen suits are barred only if they are based on the *very same* standards, limitations, or orders for which the State has brought a civil enforcement action." Frilling v. Village of Anna, 924 F. Supp. 821, 836 (S.D. Ohio 1996) (emphasis in original).

From the face of the Complaint, plaintiff asks this court to address two types of violations of the Clean Water Act: (1) defendant's alleged violations of a provision of its Clean Water Act NPDES discharge permit that prohibits the release of substances from the coal ash lagoons that are removed in the course of treatment ; and (2) defendant's allegedly unpermitted point source discharges of pollutants from the coal ash lagoons to waters of the United States via hydrologically connected groundwater. The state Complaint alleges unpermitted surface water discharges through seeps and violations of state groundwater regulations prohibiting "exceedances" of certain groundwater standards beyond a "compliance boundary" set 500 feet from the coal ash lagoons or at the property line.

In its further response, defendant contends that not only due to recent events or developments in the state litigation not counsel sustaining plaintiff's objection, but that such developments show that the state has partnered with the EPA "in a joint enforcement effort to resolve the alleged Clean Water Act ("CWA") violations . . . including those at Riverbend." Response (#29) at 2. Defendant further contends that plaintiff herein has intervened in the state-court proceeding.

While the court does not disagree with the magistrate judge's conclusion that the state is diligently pursuing a substantial action, the court is not yet *certain* that the requirements of § 1365(b)(1)(B) have been met, although it does appear that the state authority has substantially increased its contentions in the state-court action. Inasmuch as the factual and legal setting has shifted substantially between Judge Cayer's issuance of the M&R and this court's review, the court will overrule plaintiff's Objections without prejudice as such are not fully based on facts presented or available to Judge Cayer, but also deny the Motion to Dismiss without prejudice as to reasserting the same motion after brief discovery on precisely what claims have been joined in the state enforcement action and what remedies are being sought. After discovery and the filing of an appropriate motion, Judge Cayer can then fully consider the Section 1365(b)(1)(B) issue. If, as defendant claims, the state and the EPA have joined forces in the state action to enforce the same CWA standards which plaintiff seeks to enforce here, it would be appropriate for plaintiff to take a Rule 41 dismissal of this action without prejudice, thereby avoiding unnecessary costs.

As the briefing period has not run as to the issue of stay raised in the Motion to Continue Hearing (#27), the court will not address that motion at this time.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Objection to the Memorandum and Recommendation (#20), recommending that defendant's Motion to Dismiss (#11) be granted, is **OVERRULED** without prejudice, the Memorandum and Recommendation (#20) is **OVERRULED** without prejudice based on post-recommendation factual and legal developments, and the Motion to Dismiss (#11) is **DENIED** without prejudice as to reasserting the substance of the Rule 12 motion within 30 days after the close of Rule 12 discovery. Rule 12

discovery, limited to the scope of the state action as may be relevant to a § 1365(b)(1)(B) inquiry, is opened for a period of 60 days.

Signed: April 11, 2014

Max O. Cogburn Jr.
United States District Judge